UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-1412-B |
| | § | |
| **BRIDGET A. HOARE and all** | § | |
| **Occupants,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Flagstar Bank's Motion to Remand (doc. 17), filed February 24,

2014. Having considered the Motion and the filings in this case, the Court **GRANTS** the Motion

to Remand and **DENIES** the request for costs and attorneys' fees.

### I.

### BACKGROUND

This case arises out of a forcible detainer action brought by Plaintiff Flagstar Bank, FSB

against Defendant Bridget Hoare for possession of a foreclosed property. Am. Not. of Rem. 18.[1]

Plaintiff moves to remand for two reasons: (1) Defendant waived her right to remove when she filed

an appeal in state court, and (2) Defendant has failed to establish that the amount in controversy

exceeds $75,000. Pl.'s Mot. 5-6. Plaintiff also requests an award of attorneys' fees for the preparation

of the Motion to Remand. *Id.* at 7.

---

[1] Citations to page numbers within the Amended Notice of Removal refer to the pages indicated
at the top of the filing. For example, the Amended Index of Materials Attached to the Notice of Removal
begins on page 5.

A.    *Factual Background*

On June 25, 2004, Defendant Bridget A. Hoare ("Defendant") executed a Deed of Trust (the "Deed") as a lien on 3504 Cydnie Ann Court in Arlington, Texas (the "Property"). Am. Not. of Rem. 22-23. The Deed was a first lien on the Property and secured the payment of a promissory note (the "Note") in the amount of $102,718. *Id.* at 18, 22. Defendant subsequently defaulted on the Note. *Id.* at 18, 39. Thereafter, the holder of the Note asked the trustee under the Deed to execute a non-judicial foreclosure sale of the Property. *Id.* at 18, 39. The foreclosure sale occurred on October 2, 2012. *Id.* at 37, 40. Plaintiff Flagstar Bank, FSB ("Flagstar") purchased the Property at the foreclosure sale, and a Foreclosure Sale Deed was executed. *Id.* at 18, 36-38. On November 6, 2012, Plaintiff sent a notice to vacate the Property. *Id.* at 40.

B.    *Procedural Background*

On December 7, 2012, Plaintiff filed a Petition for Forcible Detainer in Tarrant County Justice of the Peace Precinct Seven. Am. Not. of Rem. 18-21. After Defendant failed to appear at the hearing, a default judgment was entered against her on December 27, 2012. *Id.* at 14-16. Accordingly, Defendant and all occupants were ordered to surrender possession of the Property. *Id.* at 15. On January 8, 2013, Defendant appealed the default judgment to County Court No. 1 of Tarrant County. *Id.* at 8. The appeal was scheduled to be heard on April 11, 2013; however, Defendant removed the case to this Court on April 9, 2013.[2] Pl.'s Mot. 2. Plaintiff filed the present

---

[2] The Court notes that Defendant is a resident of Texas. Am. Not. of Rem. 2. Generally, a suit based solely on diversity cannot be removed if the defendant is a resident of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). However, "the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citing 28 U.S.C. § 1447(c)). As Plaintiff failed to object within thirty days, any objection it may have had has been waived.

Motion to Remand (doc. 17) on February 24, 2014. Defendant filed her Objection to Plaintiff's

Motion to Remand (doc. 18) on March 10, 2014. The motion is now ripe for the Court's review.

## II.

### LEGAL STANDARD

**A.**    *Removal Based on Diversity Jurisdiction*

A defendant may remove an action that could have originally been filed in federal court. 28

U.S.C. § 1441(a). However, federal jurisdiction is limited; federal courts may only entertain those

cases involving a question of federal law or where diversity exists. 28 U.S.C. §§ 1331-1332. In the

latter cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant,

and the amount in controversy must exceed the jurisdictional minimum of $75,000. 28 U.S.C. §

1332(a). The party invoking federal jurisdiction has the burden of proving that it exists. *De Aguilar

v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "[A]ny doubt about the propriety of removal

should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)

(internal quotation marks omitted); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723

(5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of

remand").

## III.

### ANALYSIS

Plaintiff asserts two reasons why remand is proper: (1) Defendant waived her right to remove

when she filed an appeal in state court; and (2) Defendant has failed to establish that the amount

in controversy exceeds $75,000. Pl.'s Mot. 5-6. The Court considers each argument in turn below.

*A.*    *Waiver by Action in State Court*

Plaintiff first argues that remand is appropriate because Defendant waived her right to remove by appealing the default judgment in state court. Pl.'s Mot. 3. In particular, Plaintiff contends that Defendant "is essentially challenging the judgment of the state court," and has indicated "clearly and unequivocally that she has chosen to submit the case to the state court for adjudication." *Id.* at 4-5 (internal quotation marks and alterations omitted). Defendant insists there has been no adjudication on the merits in state court, and thus she has not lost the right to remove. Def.'s Obj. 5.

A defendant may remove any civil action brought in state court to the federal district court "embracing the place where such action is pending" if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). However, a defendant waives the right to remove "by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986). For a defendant to waive the right of removal, it must take actions that indicate a clear intent to proceed in state court. *See Gore v. Stenson*, 616 F. Supp. 895, 898 (S.D. Tex. 1984).

In this case, Defendant's affirmative step of appealing the default judgment is merely a procedural defect that does not affect this Court's jurisdiction. *See U.S. Bank Nat'l Ass'n v. Rudd*, No. 3:10-CV-2440-L, 2011 WL 539120, at *4 (N.D. Tex. Feb. 7, 2011). Accordingly, Plaintiff had only thirty days to move to remand on this ground. *Id.* at *3 ("'A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).'" (quoting 28 U.S.C. § 1447(c))). However Plaintiff filed the Motion to Remand on February 24, 2014—nine months after Defendant filed the Amended Notice of Removal. Pl.'s Mot. 8; Am. Not. of Rem. 3. Thus, Defendant has waived its right to remand based on this procedural defect.

B.      *Amount in Controversy*

The Court next considers Plaintiff's argument that Defendant has failed to establish the $75,000 jurisdictional threshold. Pl.'s Mot. 5-6. Defendant insists that the amount in controversy requirement has been met because, according to the Tarrant Appraisal District, the fair market value of the Property is $106,300. Def.'s Obj. 3.

To establish diversity jurisdiction where, as here, a plaintiff's state court petition does not assert a specific amount of damages, the removing party must prove by a preponderance of the evidence that the $75,000 jurisdictional threshold has been met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing*, 11 F.3d 55, 58 (5th Cir. 1993)). In a forcible detainer action, the amount in controversy is not determined by the value of the property but by the value of the right to occupy the property. *See, e.g.*, *Wells Fargo Bank v. Jones*, 733 F. Supp. 2d 741, 742 (N.D. Tex. 2010); *Fed. Nat'l Mortg. Assoc. v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *5 (N.D. Tex. Nov. 16, 2010) (citing *Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982)); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038-L, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010).

Defendant's Notice of Removal only restates the estimated fair market value of the Property. Am. Not. of Rem. 2. Nowhere does Defendant allege the value of the right to occupy or possess the Property. Therefore, Defendant has failed to demonstrate by a preponderance of the evidence that the jurisdictional minimum has been satisfied. *See Allen*, 63 F.3d at 1355. As such, the Court **GRANTS** Plaintiff's Motion, and the case must be remanded to state court.

IV.

ATTORNEYS' FEES

Having concluded that Plaintiff's Motion to Remand should be granted, the Court now turns to Plaintiff's request for attorneys' fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In applying section 1447(c), the Court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The Court finds the removal of this action was not so obviously implausible as to justify an award of attorneys' fees. *See Erlandson v. Liberty Life Assur. Co. of Boston*, 320 F. Supp. 2d 501, 511 (N.D. Tex. 2004). Accordingly, Plaintiff's request for attorneys' fees is **DENIED.**

V.

CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the Plaintiff's Motion to Remand is **GRANTED** and that this case should be and hereby is **REMANDED** to the Tarrant County Court at Law No. 1. The Plaintiff's request for an award of attorneys' fees is **DENIED.**

SO ORDERED.

SIGNED: June 2, 2014

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE